THE STATE ex inf. ELLIOTT W. MAJOR, Attorney-General, Appellant, v. CHARLES D. CARLISLE.

In Banc, June 7, 1911.

1. HAY INSPECTION: Statute: Power to Supervise Inspection. The Board of Railroad and Warehouse Commissioners have no power to enforce hay inspection. Sec. 6832, R. S. 1909, says the board "is required to supervise the inspection and the weighing of all hay," etc., but power to supervise inspection is not power to inspect.

2. ——: ——: ——: Power in Title of An Act Not Sufficient. Where the title of an act is, An Act to Amend Article 3 of Chapter 117 of the Revised Statutes of Missouri of 1899, by adding Two New Sections Thereto, "Providing for the State Inspection of Hay," and there is no provision in the article amended requiring hay to be inspected, and the new section simply requires the board to "supervise the inspection and weighing of all hay," it cannot be held that the board is empowered to enforce hay inspection.

3. ———: **Void Law: Delegation of Legislative Power.** The Legislature cannot delegate to the Board of Railroad and Warehouse Commissioners power to determine when and where hay inspection shall be established. The Act of 1905, even if it authorized the board to enforce inspection of hay, would be invalid, since it is made to depend upon another statute which on its face gives to the board power to establish grain inspection at such places as in the opinion of the board is necessary.

4. ———: **No Law for Discretionary Places for Grain Inspection: Wrong Word in Statute.** The word "inspection" found in Sec. 6775, R. S. 1909, in the clause limiting public warehouses to "all buildings, elevators or warehouses wherever State grain inspection may be established by the State Board of Railroad and Warehouse Commissioners," was "inspectors" in the Act of 1893, when said section was first enacted, and the word "inspection" was substituted for the word "inspectors" by the Secretary of State in preparing the copy for the printer and the word "inspectors" was printed thereafter in brackets, but the substituted word "inspection" was carried forward into the Revised Statutes of 1899 and 1909. But that did not make it a part of the act, though it changed its meaning. So there has never been given to the board the power to determine the points for either grain or hay inspection.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

**AFFIRMED.**

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for appellant; *Cowherd & Ingraham* and *Dunham & Morse* of counsel.

(1) The act of 1907, Laws 1907, p. 285, having been held unconstitutional (Merchants' Exchange v. Knott, 212 Mo. 616), the prior statutes, which said Act of 1907 purported to repeal, that is, the Statutes of 1899, art. 3, ch. 117, remained in force. Westport v. McGee, 128 Mo. 162; Copeland v. St. Joe, 126 Mo. 416; State v. Thomas, 138 Mo. 95. (2) The statutes upon which the court predicated its ruling in State ex inf. v. Goffee, 192 Mo. 670, are so unlike the act of 1905 (Laws

1905, p. 171) that it does not follow that, because the court held in said Goffee case that grain which did not go into a public warehouse was not subject to the laws of inspection, hay which did not go into a public warehouse was not subject to inspection. This court reached its conclusion in the "Goffee case" from the peculiar reading of the statutes providing for the weighing and inspection of grain, as provided by the original act making provisions for the inspection of grain (Laws 1899, p. 124; State ex inf. v. Goffee, 192 Mo. 683), and the different amendments of those statutes, which are specifically referred to in the said Goffee case. The prominent feature of these statutes construed in the Goffee case was the reference to "public warehouses." The theory of inspection of public warehouses was, as the court pointed out, so prominent a feature of these statutes, that it inevitably followed that inspection of grain was intended by the Legislature to be provided for only at such public warehouses. But, under the law in question in this case, to-wit, the Act of 1905, no such condition appears. Our contention is that there is manifested by this Act a legislative intent to provide generally and broadly for the inspection of hay, and that there is not, as there was in the statutes construed in the Goffee case, a legislative intent to limit it to hay which went into and out of warehouses. At the time of the passage of this Act of 1905, the State Board of Railroad and Warehouse Commissioners had established inspection at Kansas City. The petition so stated, and the demurrer, of course, admitted the fact. Consequently the Legislature by this Act designated, in effect, this point (Kansas City) as a positive location for inspection, and, of course, the Legislature had the right to so do.

*Fred A. Boxley* for respondent.

(1)  Section 7681a, Laws 1905 (Sec. 6832, R. S. 1909), is unconstitutional and void. This section clearly authorized the Board of Railroad and Warehouse Commissioners to establish inspection and weighing of hay at any place, at any time, or at no place at no time, just as they desired. Merchants' Exchange v. Knott, 212 Mo. 616. The inspection and weighing of hay and grain is an exercise of the police power of the State and the Legislature cannot bargain away the police power. Gaslight Co. v. Murphy, 130 Mo. 10, 170 U S. 78. The Legislature cannot delegate its legislative power. State v. Field, 17 Mo. 529; Ruggles v. Collier, 43 Mo. 353; St. Louis v. Clemens, 43 Mo. 395; Matthews v. Alexandria, 68 Mo. 115; St. Louis v. Packing Co., 141 Mo. 375; Kansas City v. Bacon, 147 Mo. 259; Neill v. Gates, 152 Mo. 585; Owen v. Baer, 154 Mo. 434; Merchants' Exchange v. Knott, 212 Mo. 616. (2) Appellant's petition did not state a cause of action because it did not allege, (and, of course, it could not), that the hay inspected was hay going into or out of a public warehouse. In an effort to dodge the effect, upon the statute under which this section was brought, of the decision in the case of Merchants' Exchange v. Knott, supra, appellant contends that the act of 1907, p. 285, having been held unconstitutional, the Statutes of 1899, art. 3, ch. 117, remained in force, and that the decision in the Goffee case, 192 Mo. 670, wherein it was held that no grain could be inspected except that going into or out of public warehouses, does not reach and apply to the statute regulating the inspection of hay, because of the difference between the statutes. This position is not tenable. The Act of 1905 requiring inspection of hay is an outgrowth of the grain inspection law, and standing alone, the hay inspection law would be entirely inoperative.    Appellant contends that the Law of 1899, upon which the Goffee case was decided, contained a specific reference to public

warehouses, and that reference was so prominent a feature of the law that the court concluded that the legislative intent was to confine the inspection to grain in public warehouses, and appellant contends that the Act of 1905, relating to hay inspection, contained "a legislative intent to provide generally and broadly for the inspection of hay, and that there is not, as there was in the statutes construed in the Goffee case, legislative intent to limit it to hay which went into or out of public warehouses." Appellant stands on thin ice in this contention, because the Act of 1905 was amendatory to the statutes construed in the Goffee case, and became a part of the article on inspection of grain. R. S. 1909, art. 2, p. 2155.   The hay inspection law means nothing unless the grain inspection law is read into it, and reading into it the grain inspection law, we are confronted by two decisions of the Supreme Court of Missouri which have held that grain could not be inspected except in public warehouses. State ex rel. v. Smith, 114 Mo. 180; State ex rel. v. Goffee, 192 Mo. 670.

FERRISS, J.—Action by the State, at the information and upon the relation of the Attorney-General, to recover from the respondent the sum of $5031.50 fees for inspecting 10,063 cars of hay in Kansas City, Missouri, consigned to respondent, at the rate of fifty cents a car, the fee established by the rules and regulations of the Railroad and Warehouse Commissioners, pursuant to the Act of the Legislature of 1905 (Laws 1905, p. 171; now Secs. 6832 and 6833, R. S. 1909), as follows:

"Sec. 6832. The board of railroad and warehouse commissioners is required to supervise the inspection and the weighing of all hay at points within this State,

for storage or sale, where state grain inspection or state hay inspection has been established or may hereafter be established by said commissioners.

"Sec. 6833. The board of railroad and warehouse commissioners are hereby empowered to prescribe such rules and regulations for the enforcement of the provisions of the preceding section as will as nearly as possible conform to the requirements of law now in force regarding the state inspection and weighing of grain, requiring such a bond of inspectors and weighers of hay for the faithful performance of duty as in the judgment of said commissioners is sufficient, and prescribing such fees for inspection and weighing of hay as shall be reasonable. The penalties now provided by this article for a failure to comply with the law regarding state grain inspection shall also apply to hay inspection as by the preceding section required."

The petition filed by the Attorney-General states:

"Defendant is and was at all dates herein mentioned engaged in the business of buying and selling hay in Kansas City, Missouri, under the name and style of Carlisle Commission Company.

"John W. Knott, Frank A. Wightman and Rube Oglesby are and were at the dates herein mentioned the duly elected and qualified members of the Board of Railroad and Warehouse Commissioners of the State of Missouri.

"Prior to the passage and approval of the Act of the Legislature (Session Laws 1905, at page 171), said board had designated Kansas City, St. Joseph and Kansas City as places where grain should be inspected, and for a long time prior thereto it had been the custom and practice of said board to inspect grain by its appointees, in cars, outside of warehouses, as the cars arrived to be delivered to consignees.

"That said board, in pursuance of the powers to them given by the statutes of Missouri in such cases

made and provided, formulated and made proper rules and regulations for the inspection of hay and in such rules and regulations fixed the charge for the inspection of hay at Kansas City at the price of fifty cents per car; that said board further, in pursuance of the powers vested in it by the laws of the State of Missouri, appointed a chief inspector, deputy chief inspectors and the assistant inspectors for the inspection of hay at Kansas City and other points throughout the State of Missouri, and in pursuance of said rules and regulations formulated by said board, as aforesaid, said inspectors inspected from November, 1905, to and including March, 1909, ten thousand and sixty-three cars of hay consigned to defendant at Kansas City, a particular description of which said cars appears from a schedule hereto annexed, marked Exhibit 'A' and made a part hereof.

"The charges for the inspection of said hay as fixed by said Board of Railroad and Warehouse Commissioners were and are reasonable, just and legal.

"Payment of said inspection charges has been demanded from defendant by plaintiff, and payment refused.

"Wherefore, plaintiff asks judgment for the sum of five thousand thirty-one dollars and fifty cents, together with interest and costs."

To this petition respondent demurred on the following grounds:

"First. That this court has no jurisdiction over the subject-matter of this action, in that the statutes under which this action is brought are unconstitutional and void as delegating power unto the Board of Railroad and Warehouse Commissioners, contrary to the provisions of section 1, article 4, Constitution of Missouri.

"Second. That the petition filed herein by plaintiff does not state facts sufficient to constitute a cause of action against defendant."

235 Sup.—17

The demurrer was sustained, and, after due proceedings, the cause comes here upon the State's appeal.

Respondent urges two propositions: (1) That section 6832, Revised Statutes 1909, is unconstitutional and void as a delegation of legislative power; (2) that the petition fails to state a cause of action in that it fails to allege that the hay inspected was going into or out of a public warehouse.

The appellant says nothing upon the contention that the Hay Inspection Act is void.

Upon the contention that the act applies only to hay in public warehouses, the appellant insists that the Act of 1905 contains "the plain legislative intent to provide for the inspection of hay generally, without any limitation or qualification whatever." It is stated in appellant's brief that the trial court sustained the demurrer on the theory that under the law the inspection is limited to hay going into or out of a public warehouse.

I. The Hay Inspection Act of 1905 was passed as an amendment to the general Grain Inspection Law (Art. 3, chap. 117, R. S. 1899), under the following title:

"An Act to amend Article 3 of Chapter 117 of the Revised Statutes of Missouri, 1899, by adding two new sections thereto, providing for a state inspection of hay, to be known as section 7681a and 7681b."

There is no provision in the article amended requiring hay to be inspected. The amendatory Act of 1905 does not, except by inference, require such inspection. The first section (Sec. 6832, R. S. 1909) provides that the board shall "supervise" the inspection of hay. The second section (Sec. 6833, R. S. 1909) provides that the board shall make rules and regulations "for the enforcement of the provisions of the preceding section;" that is, rules and regulations for super-

vising the inspection of hay. It thus appears that while the Legislature attempted to provide for the supervision of hay inspection, it did not require the inspection itself. With reference to the inspection of grain, the law requires such inspection in the explicit terms of section 6780, Revised Statutes 1909; also, by the explicit terms of section 6828, Revised Statutes 1909, the law requires grain to be weighed.

In the absence of any provision of law requiring hay to be inspected, we must hold that the Board of Railroad and Warehouse Commissioners have no power to enforce hay inspection.

II.   The petition in this case alleges that the board had designated Kansas City as a place where grain should be inspected. Section 6832 provides for the supervision of hay inspection at points "where state grain inspection or state hay inspection has been established or may hereafter be established by said commissioners." In Merchants' Exchange v. Knott, 212 Mo. 616, we held that the Legislature could not delegate to the Board of Commissioners the power to determine where and when inspection should be established, and, so holding, declared void the Act of 1907 (P. 286, Session Laws 1907), which authorized the board to establish inspection at such points as in the opinion of such board should be necessary. The Act of 1905, under consideration, if it be construed to authorize the board to determine the points where grain or hay shall be inspected, falls within this objection, because it is made to depend upon the opinion of the board whether or not hay shall be liable to inspection at any given point; that is to say, the exercise of the police power of the State in this regard is delegated to the board. Under our ruling in the Knott Case, this cannot be done, and the act of the Legislature which attempts such delegation of power is void.

It is interesting and instructive to consider how this idea of delegating to the commissioners power to determine where inspection shall be established got into the statutes.

The first general law covering grain inspection was passed in 1889. [Art. 3, chap. 87, R. S. 1889.] Section 5607 of that article defines public warehouses as embracing all warehouses, elevators and granaries in which is stored grain in bulk for different owners. Section 5612 provides that all grain received in public warehouses shall be inspected. By these two sections the law required all public warehouses to have grain inspection. The Law of 1889 provides for the appointment of inspectors, and defines their duties, contemplating such a force of inspectors as might be necessary to make the law effective. In 1893 the Legislature changed the law defining public warehouses by repealing section 5607 of the Revision of 1889 and enacting a new section which limited public warehouses to "all buildings, elevators or warehouses wherever state grain inspectors may be established by the State Board of Railroad and Warehouse Commissioners." Evidently the object of this change was to protect warehousemen at points where there were no inspectors from prosecution for failing to inspect. Under this amendment, the owner of a public warehouse would not be liable to the law until and unless inspectors should be established at that point. In printing this Act of 1893 in the Session Laws, the Secretary of State apparently conceived the idea that the word "inspectors" was erroneous. He therefore bracketed the word "inspection" as a substitute for "inspectors," as explained in the memoranda published at the end of such Session Laws. The effect of this change of words was to imply in the board power to determine the points where *inspection* should be had, whereas the law as passed by the Legislature gave the board power only to establish *inspectors* at various points where

public warehouses existed. In preparing the Revision of 1899, the revisors adopted the bracketed word, and section 7625 of that revision gives the board the apparent power by implication to determine the points for inspection. In 1907 the Legislature, in terms, gave the board this power to determine the points for grain inspection. [Session Laws 1907, p. 286.] That act was held void, as stated above, in the Knott case. Following this decision, the revisors for 1909, on the theory that the original law was still in force, in view of the fact that the amendment of 1907 was held to be void, incorporated in the present revision the section as it stood in the Revision of 1899; so that, as the law (section 6775) stands to-day in the present revisions, we have a power implied to exist in the board which was never intended by the Act of 1893, from whence the section is derived, which power we have held could not be delegated to the board. If we disregard the word "inspection," interpolated and bracketed by the Secretary of State in the Act of 1893, as we should do, and disregard also the acts of the revisors of the two subsequent revisions of 1899 and 1909 in adopting the bracketed word in place of the word "inspectors," as we should do, then, under the law as enacted in 1889, and as it was *in fact* amended in 1893, the board has been given no power to fix and determine the points of inspection, but grain in all public warehouses, at points where *inspectors* have been established, is subject to inspection.

Coming back to the hay inspection Act of 1905, it is apparent that the power attempted to be given in section 6832, Revised Statutes 1909, to the board to supervise the inspection of hay is made to depend on the power assumed to belong to the board to determine the points for grain or hay inspection—a power, however, which has never been in fact given to the board, and which the Legislature, as we have decided, could not delegate to the board.

We, therefore, hold the Hay Inspection Act of 1905 void and of no effect. As the above conclusions dispose of the case, we will not discuss other points, suggested in the briefs.

The judgment is affirmed. All concur.